McGARY et al.

v.

LOUISVILLE TAXICAB & TRANSFER CO. et al.

Court of Appeals of Kentucky.

March 26, 1954.

Athol Lee Taylor and N. C. Smith, Jr., Louisville, for appellants.

Robert L. Page and A. Shelby Winstead, Louisville, for appellees.

DUNCAN, Justice.

These two actions, subsequently consolidated for trial and appealed here as one action, were instituted by appellants, Ella Margaret McGary and her husband, Shirley McGary, to recover damages for personal injuries sustained by the former while riding as a passenger in a taxicab owned by Louisville Taxicab & Transfer Company and operated by its employee, Charles Sheaff. The owners and operators of a coal truck which collided with the cab were also named as defendants, and it was alleged that the collision was caused by the joint and concurring negligence of the drivers of the two vehicles. At the conclusion of all the evidence, the court directed a verdict in favor of the cab company and its driver, and the action was dismissed against them. Appellants, as their only ground for reversal, insist that there was sufficient evidence of negligence on the part of the cab driver to require a submission to the jury.

The accident occurred in the forenoon on June 16, 1949, on Preston Street highway just south of Louisville city limits between Phillips Lane and Kentucky Avenue. It was raining at the time of the accident and the street was slick. The cab was traveling in a southward direction and as it approached the point of collision, the northbound traffic was unusually heavy and moving slowly. There was a milk truck parked on the east side of the road just north of Kentucky Avenue opposite the Prestonia School. Although the parked truck occupied a portion of the street, there was enough room for northbound cars to pass without colliding with soundbound traffic. As the coal truck approached the parked vehicle, the driver suddenly put on his brakes and the truck skidded into the southbound lane and collided with the taxicab. When the cab driver observed the truck skidding into his lane of traffic, he drove the cab as far to his right as possible in an effort to avoid the collision. The cab was traveling at a speed of 15 to 20 miles per hour and at all times remained on its right side of the road. When the driver first saw the coal truck, it was 150 or 200 feet away, but it did not begin to skid until it was approximately two car lengths in front of the cab.

Mrs. McGary, at the time of the collision, was returning to her home from the hospital, where she had gone for treatment of an injured hand. She was accompanied by her daughter and was leaning her head against the back seat with her hand elevated. She did not see any of the events preceding the accident, and the daughter was not introduced as a witness. The truck driver and another witness, who did not actually see the collision but heard the screech of tires and saw the position of the vehicles through his rearview mirror immediately before the accident, substantially corroborate the cab driver in the facts which we have stated.

There is nothing to indicate that the cab was traveling at an unreasonable rate of speed or that its driver violated any of his statutory duties. Appellants suggest that he might have avoided the accident by stopping the cab, but there was no reason for him to apprehend a collision until the truck began skidding, and after that time, it is doubtful that he had time to stop or that doing so would have prevented the accident. After being faced with a sudden emergency which he did not create, the cab driver in a matter of seconds was required to reach a conclusion as to the best course to pursue. Under the circumstances, it cannot be said that he failed to follow the best course possible. It follows that the court properly sustained the motion for a peremptory instruction.

It is true, as insisted by appellants, that the driver of the cab was required to exercise the highest degree of care to avoid injury to his passengers. However, there is nothing in this record to indicate that he failed to exercise such care.

The judgment is affirmed.